

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-278

| | |
|---|---|
| BAKER IMPLEMENT COMPANY, INC., and UNION INSURANCE OF PROVIDENCE<br><br>APPELLANTS<br><br>V.<br><br>HENRY E. FOX<br><br>APPELLEE | **Opinion Delivered** October 8, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G210680]<br><br><br><br>AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

On February 12, 2014, the Arkansas Workers' Compensation Commission (Commission) found that appellee Henry E. Fox proved by a preponderance of the evidence that he sustained a compensable injury. On appeal, Baker Implement Company, Inc., and Union Insurance of Providence contend that there was no substantial evidence that appellee suffered any compensable injury and that the award of benefits should be reversed. Appellee contends that appellants ignore Dr. John Campbell's medical opinion that the injury was caused by the on-the-job incident; thus, substantial evidence was before the Commission.

The pertinent portion of Dr. Campbell's testimony is as as follows:

I asked him specifically, and I noted when Mr. Fox first came to see me on his intake form, he had checked no, to whether he was injured on the job. The patient told me in hindsight his wife had filled out that form because he was unable to write at that time. He tells me that at that time he clearly thought this was a work-related injury. He recalled being hurt on the job approximately on October 23, 2012, working at a company named Baker Implements. He told me that the mechanism of the injury was that he was installing a power take-off unit under a tractor and was pulling on some equipment and bracing the back of his head against a tire, and immediately noticed



some discomfort in his neck and arms. By the following morning his fingers were numb and he reported to Dr. Spanos.

. . . .

I told him that my opinion, based on the information the patient had given me, I thought the major cause of his disc herniation was the incident that he described to me later that had occurred on October 23.

. . . .

At the time of the surgery, I was not thinking about what had caused the compression of the cord and fluid edema. I was trying to get the pressure off his cord.

. . . .

It can happen that in many instances someone with a condition or a problem or an injury is more concerned about the injury rather than how it happened or providing that information to me.

I feel based on the history of Mr. Fox, of his on-the-job injury, I feel that represents a major cause of the cervical disc injury that required surgery.

I think it is important to note that, during the time of the surgery, we did find quite a few disc fragments. And I think that pathologic finding would be consistent with the injury that he went on to describe to me later on in January.

. . . .

But when I see disc fragments, it would make me more suspicious that there was an acute change that would cause him to suddenly have neurologic complaints and findings.

The arguments advanced by appellants challenge the sufficiency of the evidence. This argument is based entirely on matters of weight and credibility, matters within the sole province of the Commission. *St. Edward Mercy Med. Ctr. v. Warnock*, 2013 Ark. App. 518, 429 S.W.3d 348. Because the only substantial question involved in the appeal is the sufficiency of the evidence, and because the Commission's opinion adequately explains the decision, we affirm by memorandum opinion pursuant to sections (a) and (b) of our per curiam *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

WOOD and BROWN, JJ., agree.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Kyle E. Burton*, for appellants.

*McDaniel & Wells, P.A.*, by: *Phillip Wells* and *Robert Wells*, for appellee.